Brinkerhoff, J.
It appears from the record, that George Hatch, plaintiff in error, axxd who was also plaintiff below, was mayor of the city of Cincinnati from April 8, 1861, to Apxdl 8, 1863; and that, in August, 1863, he brought suit against the city, ixx the Superior Court of Cincinnati, to recover from the city a'sum of money, which was the aggx*egate of the sums which had been received by him as mayor, from applicants for various licenses, which he, as mayor, under the ordinances of the city, was authorized to issue, and had issued, and which sums he had paid over into the city treasury. It fui'thex’more appeax’S, from the special finding of facts contained in the X’ecord embodying the ordinances of the city bearing upon the question between the parties, that for several years preceding the 9th of July, 1856, and up to and including the time of the plaintiff’s two years’ service as *mayor, the mayor was axxthorized to exact from the applicant, a fee of one dollar for each and every license issued by him, under the ordinances of the city; and this in addition to the price for a license — sometimes less, axid often mxxch more thaxx one dollar per license — exacted by the city and payable into its treasury. Axxd up to that date — July 9, 1856 —these fees, with others not here necessary to notice, constituted the compensation of the mayoi-, for his official services as such.
But on that day the city council passed an ordinance, the 9th and 12th sections of which are as follows :
“Section 9.....The mayor, for any good cause shown, may revoke any license issued or granted by him. For each and every licexxse granted, he shall receive the sum of one dollar.”
“ Section 12. The salary of the mayor shall be two thousand dollars per annum, payable quarterly; and he shall not be allowed to receive any perquisites or fees, for any services pex’formed, except in such cases as are provided for in the laws of the State of Ohio.”
Duxdng the time of his official service, the plaintiff received the fees of one dollar for each licexxse issued by him, and, for the greater portion of that time, paid them over to the city treasury; and afterward brought this actioxx to recover them back. The court below, both at sjxocial and general term, decided agaixist him. And this petition iix error is prosecuted to reverse those judgments.
Counsel on both sides admit, ixx argument, that the case depends *47 on the proper construction and meaning of the 9th and 12th sections of the ordinance above quoted. If the mayor, under the 9th section of the ordinance, was entitled to receive for his own use a fee of one dollar for each license issued by him, in addition to his salary, fixed by the 12th section, then the court below was wrong; but if the ordinance intended to continue, for the benefit of the city treasury, the charge, as theretofore, of one dollar each for licenses issued by the mayor, and, in lieu thereof, to give the mayor a fixed annual salary, then it was right. We are of opinion that it wasright.
*It is clear, from the terms of the 9th section of the ordinance, that the city did not intend to relinquish, in favor of applicants, the charge of one dollar each for licenses granted by the mayor:
“ Section 9. . . . . The mayor, for any good cause shown, may revoke any license issued or granted by him. For each and every license granted, he shall receive the sum of one dollar.”
And that these fees were not intended to be received by him for his own individual benefit, we think is equally evident from the 12th section:
“ Section 12. The salary of the mayor shall be two thousand dollars per annum, payable quarterly; and he shall not be allowed to receive any perquisites or fees, for any services performed, except in such cases as are provided for in the■ laws of the State of Ohio."
We think that the meaning and policy of these sections of the ordinance are alike obvious and wise. They were intended to retain, for the benefit of the city, a charge of one dollar for each license issued by the mayor, and to compensate him, for official services, by a fixed salary; and thus to remove from hiln the temptation to refrain from revoking a license which might have been improperly granted, and the temptation to the granting of a license which ought to be withheld.
There are fees to the mayors of cities, “ provided for in the laws of the State of Ohio,” as contradistinguished from the city ordinances — such as relate to the taking of depositions, etc., for example — which, by the provisions of this ordinance, are reserved for the individual benefit of the mayor; but they do not include fees for licenses, • Judgment affirmed.
Day. C. J., and White, Welch, and Scott, JJ., concurred.